ISAAC WAPLES, surviving obligee of THOMAS C. WAPLES and ISAAC WAPLES use of WILLIAM D. WAPLES *vs.* ISAAC CLOWS and THOMAS DRAPER, adm'rs. of ALETTA CLARK, deceased.

An attorney is not competent to contradict his own entry of satisfaction on a judgment; and deny that the money was paid.

JUDGMENT opened.

Isaac Clows became the guardian of John M. Wolfe and Eliza R. Wolfe and gave bond with Thomas C. Waples and John Waples (the plffs.) as his sureties. Isaac Clows with Aletta Clark gave to the said Thomas C. Waples and Isaac Waples sureties as afsd. a bond with warrant of attorney to confess judgment in the sum of $8,000; to indemnify the said sureties against their said suretyship. Judgment was confessed on this bond 11 October 1814, for $8,000; John M. Wolfe sued the guardian bond afsd. and recovered judgment against the said sureties on 11 Oct. 1827 for $688 90. On 21 Jan. 1828, This judgment was entered "satisfied" by Edward L. Wells, attorney for J. M. Wolfe. Thomas C. Waples and Isaac Waples sued out a scire facias on this judgment of $8,000, entered as afsd. on the bond of indemnity and on the 21 January 1830 recovered judgment by default which they endorsed for $792 93 and they now claim that sum with interest. This judgment was opened on the application of the defts. and the question on this trial was to what extent the said sureties had been damnified.

The defts. counsel now called Edward L. Wells the attorney of John M. Wolfe to prove that he had not received the whole amount of Wolfe's judgment for which he had so entered satisfaction. This was objected to, and the court said they would not allow Mr. Wells the attorney, to contradict his entry on the record; but they said if the deft. could prove *aliunde* that the Waples' did not pay the whole amount of that judgment to John M. Wolfe they might do it and by parol. The question here is to what extent have plffs. been damnified, that is how much money have they been compelled to pay on

account of their suretyship. The entry of satisfaction on this judgment shows *prima facie* that plffs. paid the amount of it; this may be rebutted but not by Wolfe's attorney who entered the satisfaction.

The plff. had a verdict for $926 12.